UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In Re:

Stony Point Land, Inc.,                         Chapter 11

Debtor.                                    Case No. 10-31740

**CONSENT ORDER CONDITIONING
RIGHTS OF DEBTOR IN POSSESSION**

Pursuant to agreement between, **Stony Point Land, Inc.,** debtor by counsel, and the United States Trustee, it is hereby ORDERED that, pending further Order of the Court and unless otherwise modified by Court Order, debtor shall remain in possession and conduct business subject to the following conditions:

1. The debtor shall close present books of account and open and maintain new books of account showing all earnings, expenses, receipts and disbursements of the debtor commencing with the date of the order of relief under Chapter 11 of the Bankruptcy Code, and shall preserve proper vouchers for all payments made upon account thereof.

2. Except as otherwise agreed to by the United States Trustee, the debtor shall close the bank accounts presently maintained, and all funds on deposit shall be transferred to the appropriate Debtor In Possession Account as hereinafter set forth. On or before the date set for the first meeting of creditors, the debtor shall furnish the United States Trustee with written evidence of compliance with paragraphs three and four, with the names of all authorized signatories on all debtor accounts, and the existence of and purpose for any account maintained pursuant to paragraph six.

3. The debtor in possession shall immediately open a new bank account in such federally insured depository as the debtor may select. The account shall be opened in the name of the debtor and designated "Debtor in Possession Account", and all income derived by the debtor in possession shall be deposited therein. Disbursements from this account shall be made only upon checks signed by the debtor or an authorized agent of the debtor, and each check written on the account shall be imprinted with the debtor's name and the notation, Debtor in Possession Account, together with appropriate additional information e.g., address of the debtor in possession.

4. If the debtor is operating any business, the debtor shall open a second account in a federally insured depository, which shall be designated the Debtor in Possession Tax Account, and in such account there shall be deposited all funds which the debtor is required to escrow under any <u>state</u> law including payroll, sales, real estate, etc., taxes. During the pendency of these proceedings, such funds shall be disbursed from this tax account, only for the particular purposes for which they are set aside and in the manner prescribed by law, by checks signed by the debtor or an authorized agent of the debtor.

5. If the debtor is responsible for payment of salaries to employees, all <u>federal</u> related payroll taxes will be deposited at the debtor's banking institution each time a payroll is made. A copy of the IRS Form 6123, Verification of Fiduciary's Federal Tax Deposit, signed by a bank employee authorized to acknowledge receipt of such a deposit, will be furnished to the Richmond, Virginia office of the United States Trustee within five (5) days of making each payroll.

6. Subject to the requirements of paragraph two, the debtor shall be permitted to maintain such other accounts in federally insured depositories as are reasonably necessary and required in the conduct of debtor's business.

7. The debtor shall prepare and file all tax returns required by law, and shall provide copies thereof to the United States Trustee.

8. The debtor shall not pay or satisfy out of the money or assets of the estate any creditor for any debt which was incurred prior to the filing of the Petition or which could be dealt with or affected under the Plan to be proposed herein, except upon Order of the Court.

9. The debtor shall not employ any additional personnel, enter into any new contracts for services of any type,

except in the ordinary course of business, nor increase the compensation of any officer or management level employee without prior notification to any appointed Creditors' Committee and the United States Trustee.

    10. The debtor shall file with the Court, not later than the 15th of each month for the preceding calendar month (commencing with the month following the order for relief under Chapter 11), verified statements of cash flow and, if debtor is operating any business, statements of profit and loss, in compliance with the format established by the United States Trustee or otherwise agreed to by the United States Trustee. The debtor shall simultaneously serve copies of these reports on the United States Trustee and the attorney for or the chairman of any Unsecured Creditors' Committee appointed herein.

    11. On or prior to the date set for the first meeting of creditors, the debtor shall provide to the United States Trustee a verified statement or written evidence from the debtor's insurance carrier or broker that, as applicable, worker's compensation, general liability, fire, theft, and motor vehicle insurance are in full force and effect, together with all other insurance coverages normally used in the debtor's type of business. The debtor shall immediately notify the United States Trustee of any lapse, cancellation or proposed cancellation of any insurance coverage.

    12. The debtor shall timely pay and accurately calculate fees owed quarterly to the United States Trustee pursuant to 28 U.S.C. 1930.

    13. The debtor shall appear at any status meetings the United States Trustee may schedule in this case and shall provide to the United States Trustee such other information regarding the conduct of debtor's affairs as may from time to time be requested.

    14. All applications for compensation submitted by professionals of the debtor shall be provided to the United States Trustee in an Excel format acceptable to the United States Trustee in addition to the applications filed with the Court.

A copy of the Order shall be served upon the debtor, attorney for the debtor, and the United States Trustee.

Subject to the foregoing limitations and conditions, the debtor shall conduct all financial affairs pursuant to applicable provisions of Title 11 U.S. Code.

Dated _____

_____
UNITED STATES BANKRUPTCY JUDGE

Consented To:

    W. CLARKSON McDOW, JR.
    UNITED STATES TRUSTEE
    REGION FOUR

    By: /s/ Robert B. VanArsdale
        Robert B. Van Arsdale
        Assistant U.S. Trustee
        Office of the U.S. Trustee
        701 E. Broad St., Suite 4304
        Richmond, VA 23219
        Telephone (804) 771-2310

/s/ Roy M. Terry, Jr.
Roy M. Terry, Jr., Esquire
DurretteBradshaw, PLC
1111 East Main Street, 16th Floor
Richmond, VA 23219
(Counsel for debtor)

/s/ Mark A. Putney
Mark A. Putney
Debtor Representative

CERTIFICATE OF ENDORSEMENT

    I hereby certify that the proposed Consent Order Conditioning Rights of Debtor in Possession has been endorsed by all necessary parties.

        /s/ Robert B. VanArsdale
        Robert B. Van Arsdale