UNITED STATES BANKRKUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| STONY POINT LAND, INC., ) | |
| ) | Case No. 10-31740-KRH |
| Debtor. ) | Chapter 11 |
| ) | |

## FINAL APPLICATION FOR ALLOWANCE OF
## COMPENSATION AND EXPENSES FOR SANDS ANDERSON PC
## AS SPECIAL COUNSEL TO THE DEBTOR

**COMES NOW** Sands Anderson PC ("Sands Anderson"), special counsel for Stony Point Land, Inc. (the "Debtor"), and submits its Final Application for Allowance of Compensation and Expenses (the "Application") pursuant to 11 U.S.C. § 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure. In this Application, Sands Anderson seeks approval of compensation in the amount of $21,401.00 in fees and reimbursement of expenses in the amount of $274.86, and in support thereof states as follows:

### BACKGROUND

1. Jurisdiction over this Application is vested in the Court pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are §§ 330 and 331 of the Code.

2. Sands Anderson has rendered professional services to the Debtor from and including October 1, 2010 through and including March 1, 2011 (the "Application Period"), for which it seeks compensation in the amount of $21,401.00.

---

Jeffrey H. Geiger, Esquire (VSB No. 28704)
Sands Anderson PC
1111 East Main Street, 24th Floor
Richmond, Virginia 23219
Phone: (804) 783-7248
Fax: (804) 783-7291
Email: jgeiger@sandsanderson.com
    *Special Counsel for the Debtor*

3. During this Application Period, Sands Anderson has incurred out-of-pocket expenses in the amount of $274.86 for which it also seeks reimbursement.

## EMPLOYMENT OF SANDS ANDERSON

4. On June 3, 2010, the Debtor filed an Application to Employ Special Counsel [Docket No. 22] for certain construction litigation in which the Debtor was a party that was pending in the Circuit Court of the City of Richmond (the "Litigation"). The opposing party is Simons Hauling Company, Inc. ("Simons Hauling"). On June 23, 2010, the Court entered an order authorizing the employment of Philip C. Baxa, Esquire ("Mr. Baxa") and Mercer Trigiani LP as special counsel for the Debtor (the "Employment Order") [Docket No. 32].

5. Effective August 1, 2010, Mr. Baxa relocated his legal practice to Sands Anderson. The Debtor requested that Mr. Baxa continue to represent the Debtor as special counsel in the Litigation, and the representation and file have been transitioned to Mr. Baxa and to Sands Anderson.

6. On October 27, 2010, Mr. Baxa filed an Interim Application for Compensation on behalf of Sands Anderson as Special Counsel to the Debtor (the "Interim Application") for $3,325.00 for professional services plus $22.16 for reimbursement of expenses. The Court, having reviewed the Interim Application and having heard the statements of counsel in support of the relief requested therein at the hearing on the Interim Application held November 17, 2010, approved the Interim Application [Docket No. 72]. Payment due under the Interim Application is pending.

7. On November 23, 2010, Mr. Baxa suffered a massive heart attack and passed away. Sands Anderson continues to represent Stony Point Land as its special counsel in the Litigation. Notwithstanding the need to develop sufficient knowledge of additional file issues

previously handled by Mr. Baxa, Sands Anderson did not duplicate prior efforts or bill fees for the requisite "learning curve".

8. The terms of Sands Anderson's employment are as follows: Sands Anderson charges on an hourly basis at its attorneys' customary rates, which are set periodically in accordance with the attorneys' seniority and experience. Sands Anderson also charges the Debtor for actual out-of-pocket expenses including: long distance phone calls, photocopying, postage and direct outside expenses paid to third parties (such as courier services).

9. The names of all Sands Anderson attorneys and paraprofessionals requesting compensation in this Application and their respective hourly rates are as follows:

| Professional | Year Admitted | Hourly Rate | Hours Worked |
| --- | --- | --- | --- |
| Philip C. Baxa (PCB) | 1983 | $ 350 | 7.4 |
| C. Thomas Ebel (CTE) | | $ 350 | 3.5 |
| Jeffrey H. Geiger (JHG) | | $ 350 | 40.3 |
| W. Ashley Burgess (WAB) | | $ 350 | 4.1 |
| Kitty Bice, Paralegal (KXB) | | $ 110 | 18.6 |
| **Total** | | **$ 21,401.00** | |

10. To the best of Sands Anderson's knowledge, information and belief, the Debtor is paying post-petition expenses in the ordinary course, and there are currently no unpaid and/or disputed administrative expenses in the case.

11. As of the date hereof, it is understood that the Debtor has filed with the United States Trustee ("US Trustee") all monthly operating reports and the Debtor is current with all fees due to the US Trustee through the date hereof.

3

## SUMMARY OF SERVICES RENDERED

12. The total amount of final compensation requested by Sands Anderson is based on the hourly rates normally charged by the attorneys and paraprofessionals who performed legal services for the Debtor and is summarized on the statements attached hereto as Exhibit A.

13. Fees incurred by Sands Anderson during this Application Period are related solely to the Litigation with Simons Hauling, including attendance of hearing on Motion of Counsel for Simons Hauling to withdraw from the case and related correspondence with counsel; drafting and filing a Motion to Compel Discovery Responses and Disclosures; attendance of hearing on Motion to Compel Discovery Responses and Disclosures; review discovery responses from Simons Hauling; prepare objections and responses to discovery requests propounded by Simons Hauling to Stony Point Land; review Initial Disclosures of Simons Hauling; prepare for trial; and various correspondence and meetings in connection with settlement. Total hours are 55.3 hours at the rate of $350 per hour attorneys, and 18.6 hours at the rate of $110 for paralegals. See Exhibit A.

14. The out of pocket expenses incurred during the Application Period were $274.86. A detailed statement of Sands Anderson's out of pocket expenses is included in Exhibit A hereto.

## APPLICABLE LEGAL STANDARD

15. The Bankruptcy Code sets forth the legal standards for awarding compensation to professionals employed by the Debtor. The format for fee applications is set forth in the Compensation Guidelines for Professionals in the United States Bankruptcy Court for the Eastern District of Virginia (the "Guidelines").

16. Under 11 U.S.C. § 330, the Court may award counsel to the Debtor reasonable compensation for actual, necessary services rendered by such attorneys and paraprofessionals

employed by such attorneys based on the nature, extent and value of the services rendered, time spent on such services and the cost of comparable services other than in a bankruptcy case. Furthermore, the court may award reimbursement for actual, necessary expenses.

17. The expense reimbursements requested by Sands Anderson in this Application are for reasonable and necessary charges.

18. In evaluating this Application, the Court should consider the number of hours of service reasonably devoted to the case multiplied by the attorney's reasonable rates. Courts frequently consider the specific "lodestar" factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The Fourth Circuit adopted the "lodestar" analysis in *Barber v. Kimbrells, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), *cert. denied*, 439 U.S. 934 (1978), and in *Anderson v. Morris*, 658 F.2d 246, 249 (4th Cir. 1981) (the District Court should employ the lodestar approach, and then adjust the fee on the basis of the remaining *Johnson* factors in the case). The following are the *Johnson* factors:

> a. the time and labor required;
> b. the novelty and difficulty of the questions;
> c. the skill requisite to perform the legal service properly;
> d. the preclusion of other employment by the attorney due to acceptance of the case;
> e. the customary fee;
> f. whether the fee is fixed or contingent;
> g. time limitations imposed by the client or the circumstances;
> h. the amount involved and the results obtained;
> i. the experience, reputation and ability of the attorneys;
> j. the "undesirability" of the case;
> k. the nature and length of the professional relationship with the client; and
> l. awards in similar cases.

*Johnson*, 488 F.2d at 717-719; *Barber*, 577 F.2d at 226, n.28; *Anderson*, 658 F.2d at 248, n.2.

19. Sands Anderson believes that the services rendered to the Debtor were necessary and reasonable in light of the Debtor's obligations in this case and the scope and nature of the matters required to competently represent the Debtor.

20. Based upon the quality of the work performed and the proposed charges therefore, Sands Anderson believes that the costs to the Debtor to employ Sands Anderson in this case is equal to, or less than, the charges of other law firms in comparable Chapter 11 cases. Sands Anderson believes that the fees requested herein clearly satisfy the *Johnson* factors as set forth above.

21. The fees sought by Sands Anderson are reasonable for the work it performed in the litigation and in practice before the Court. Such fees are customary in litigation and are comparable in amount to services rendered by other attorneys in the area. The fees sought herein are reasonable considering the nature and extent of the work, the time spent, and the value of the services.

22. This Application is Sands Anderson's final fee application for services approved in the Employment Order and rendered through March 1, 2011.

23. Sands Anderson hereby certifies that a copy of the Application, including all exhibits thereto, has been sent to the Debtor and the Office of the US Trustee.

**WHEREFORE**, Sands Anderson PC submits this Final Application covering the period October 1, 2010, through March 1, 2011 for allowance of final compensation for professional services in the amount of $21,401.00, and reimbursement of expenses in the amount of $274.86. Sands Anderson respectfully requests that the Court enter an order (i) approving the compensation and reimbursement of expenses requested herein; (ii) ordering the Debtor to pay the requested amounts, and (iii) for such other and further relief as the Court deems appropriate.

Respectfully submitted this 30th day of March, 2011.

                                        Sands Anderson PC

                                By:   /s/ Jeffrey H. Geiger
                                              Counsel

Jeffrey H. Geiger, Esquire (VSB No. 28704)
Sands Anderson PC
1111 East Main Street, 24th Floor
Richmond, VA 23219
Tel. (804) 783-7248
Fax: (804) 783-7291
Email: jgeiger@sandsanderson.com
      *Special Counsel for the Debtor*